■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDERICH REEVES, Appellant.—Judgment, Supreme Court, Bronx County, rendered on October 11, 1973, convicting defendant, after trial before DiFede, J., and a jury, of the crimes of robbery in the second degree, grand larceny in the third degree and possession of a weapon as a misdemeanor, modified, on the law, to the extent of reversing the convictions for grand larceny in the third degree and possession of a weapon and dismissing those counts of the indictment, and, as so modified, the judgment is affirmed. (People v Pyles, 44 AD2d 784; People v Rivera, 46 AD2d 642.) The People concede that the judgment should be so modified. We, too, would have been happier if, at the Wade hearing, the court had allowed more leeway to counsel during the cross-examination of the complainant and the officer. However, this is not to say that the record, as it stands, is insufficient as to the propriety of the in-court identification by the complainant. It must be emphasized that the testimony shows that the entire incident occurred under a street lamp, on a clear evening. The defendant, Reeves, held the gun to the complainant and the latter was able to look Reeves in the face for some part of the time during which the robbery was taking place. The complainant also stated that, at this time, the defendant was no more than 12 inches away from him. Further, the complainant described the vehicle used by the perpetrators and gave the license number of same to the police. We are convinced, from the totality of the evidence, that the complainant was able to and did make the identification at the trial, relying on his own memory of what he saw and heard on the night of the robbery and not affected by any promptings or suggestions. (People v Gonzalez, 27 NY2d 53; People v Crimmins, 36 NY2d 230.) Even if, as the defendant claims, there was error in the court below, we are satisfied that such error was harmless. (People v Crimmins, supra.) Concur—Capozzoli, Lane and Nunez, JJ.; Markewich, J. P., and Murphy, J., dissent in the following memorandum by Murphy, J.: Murphy, J. (dissenting). Since the instant record fails to establish, by clear and convincing evidence, an independent basis for the in-court identification of defendant by the complaining witness, I cannot vote to affirm the instant conviction. At the Wade hearing the complainant testified that on the night in issue, as he was driving home (with a woman passenger whose name he does not recall), his car stalled. While he tried to start the car, a blue-on-

blue late model Thunderbird drove up and parked diagonally across the street. Four young males exited the car; two went to the passenger side and two came to his side. One of the men, later identified as defendant, tapped on his window with a gun, motioning him to get out. He did so; and was thereupon robbed. Although the entire incident lasted from five to seven minutes, the complainant was only able to observe appellant for less than one minute. However, he was able to ascertain the temporary out-of-State license plate number of the vehicle driven by the perpetrators, which he gave to several police officers a short time later, together with an apparently meager description of the robbers. Two days later, four youths were arrested in the same type of car, and bearing the same plate numbers, described by the complainant in connection with an unrelated robbery. Approximately a week after the robbery complainant was shown four polaroid pictures of the four suspects in the unrelated case, plus six other polaroid photos selected "indiscriminately" by the officer. Defendant and two others were selected from the 10 pictures shown as the assailants. These three were then indicted for the instant crime. The photographic array was not preserved for trial. No corporeal identification of appellant by the complainant occurred between the time of the robbery and the *Wade* hearing. However, two weeks before such hearing (and nine months after the robbery) the witness was again shown only pictures of defendant and his two alleged accomplices in the District Attorney's office. This form of "showup" is certainly impermissible and was only calculated to prompt complainant on the *Wade* hearing. At the hearing the court refused to permit defense counsel to cross-examine the complaining witness and the officer on such vital matters as how the original pictures in the photo array were selected, what information was communicated by the officer at such selection and the extent of the complainant's ability to remember and describe the events of the robbery. Cross-examination was also precluded as to the description of the perpetrators given by complainant and to whom descriptions were given. Despite a subpoena, the defense was denied the UF-61 report which contained complainant's original description as "four unknown male negroes all armed with guns". Such undue and impermissible restriction on cross-examination, coupled with the eyewitness' limited opportunity to observe defendant, the failure to preserve the photographic array and the highly suggestive second viewing of defendant's picture some two weeks prior to the *Wade* hearing, precludes a finding of no substantial likelihood of irreparable misidentification. Accordingly, I would withhold determination of the appeal and remand the matter for a new hearing to determine the admissibility of the identification testimony.