■ The People of the State of New York, Respondent, v William Maerling, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Suffolk County (Stark, J.), rendered October 4, 1979, convicting him of murder in the second degree and robbery in the first degree, upon a jury verdict, and imposing sentence. Case remitted to Criminal Term to hear and report on whether there existed exigent circumstances to support the warrantless arrest of the defendant at his home on February 14, 1973, and appeal held in abeyance in the interim. Criminal Term is directed to conduct a hearing and file its report with this court with all convenient speed. Prior to the trial,

Criminal Term denied without a hearing the defendant's motion to suppress his oral and written confessions made on February 14, 1973. Defendant argued that his confessions should be suppressed since they followed his arrest at his home, which arrest was made without a warrant and without exigent circumstances existing at the time. This issue was again raised by the defendant on his motion to set aside the verdict. Defendant claimed that his warrantless arrest on February 14, 1973, made in the absence of exigent circumstances, was illegal and that the confessions made thereafter on the same date were based upon such arrest without a warrant and were therefore the fruit of the poisonous tree (see *Wong Sun v United States,* 371 US 471, 486). The motion was denied on the date of sentencing. It is now clear that, absent exigent circumstances, the police are prohibited from making a warrantless and nonconsensual entry into a suspect's home to make a routine felony arrest (see *Payton v New York,* 445 US 573; see, also, *Taylor v Alabama,* __ US __, 102 S Ct 2664). The *Payton* rule is to be applied retroactively to cases still pending on direct appeal (*United States v Johnson,* __ US __, 102 S Ct 2579). Accordingly, a hearing must be conducted to determine whether the warrantless arrest was made under exigent circumstances. Mollen, P. J., Lazer, O'Connor and Bracken, JJ., concur.