■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BARRY L. WASHINGTON, Appellant. — Appeal by defendant from a judgment of the County Court, Nassau County (Clavin, J.), rendered July 21, 1980, convicting him of arson in the second degree, upon a jury verdict, and sentencing him, as a second felony offender, to a prison term of from 12½ to 25 years. Judgment modified, as a matter of discretion in the interest of justice, by reducing the sentence to a prison term of from 7½ to 15 years. As so modified, judgment affirmed. In the interest of justice we reduce the sentence as indicated. Lazer, J. P., Mangano, Gulotta and Niehoff, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERWIN WHITE, Appellant. — Appeal by defendant from a judgment of the County Court, Nassau County (Clavin, J.), rendered July 11, 1980, convicting him of burglary in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review, *inter alia,* the denial, after a hearing, of defendant's motion which sought suppression of certain statements. Matter remitted to the County Court, Nassau County, to hear and report in accordance herewith. In the interim, the appeal shall be held in abeyance. The report shall be filed with all convenient speed. Although finding that a warrantless and nonconsensual entry into the defendant's home occurred in the case at bar, the hearing court declined to suppress the defendant's statements upon the theory that *Payton v New York* (445 US 573) should not be applied retroactively to defendant's case. Since that time, the United States Supreme Court held, in *United States v Johnson* (457 US 537), that *Payton* should be applied retroactively to all convictions not yet final when *Payton* was decided (April 15, 1980), such as the case at bar. The People urge, however, that despite the warrantless arrest in the defendant's home, his statements were properly admitted into evidence because of the exigent circumstances of the arrest (see *United States v Campbell,* 581 F2d 22) and the highly attenuated connection between the allegedly illegal arrest and the challenged postarrest statements (see *People v Rogers,* 52 NY2d 527). At the conclusion of the hearing, defense counsel argued that there were no exigent circumstances present and that there was no attenuation of the illegality of the warrantless entry and arrest. Although the arguments were posed, the hearing court made no findings on those issues limiting its ruling, as noted above, to whether *Payton* (*supra*) was retroactive to the date of the defendant's arrest. That being so, there remains to be determined whether exigent circumstances were present here and if not, whether the connection between the defendant's postarrest statements and the illegal arrest was so highly attenuated as to purge any possible taint from the arrest. Accordingly, the matter must be remitted to the County Court, Nassau County, for the purpose of making a reviewable record and findings with respect thereto. The defendant's appeal from the judgment of conviction will be held in abeyance pending the filing of the court's report. Mangano, J. P., Gibbons, Bracken and Niehoff, JJ., concur.