■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MACIO ENNIS, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Sherman, J.), rendered September 1, 1981, convicting him of criminal possession of a weapon in the fourth degree, upon his guilty plea, and imposing sentence. The appeal brings up for review the denial of the defendant's motion to suppress physical evidence. Matter remitted to the Supreme Court, Queens County, to make findings in accordance herewith. In the interim, the appeal shall be held in abeyance. The report shall be filed with all convenient speed. Although finding that a warrantless and nonconsensual entry into defendant's home occurred in the case at bar, the hearing court

declined to suppress the physical evidence seized upon the theory that *Payton v New York* (445 US 573) should not be applied retroactively to the defendant's case. Since that time, the Supreme Court has held, in *United States v Johnson* (457 US 537), that *Payton* should be applied retroactively to all convictions, such as the one in the case at bar, which were not yet final when *Payton* was decided on April 15, 1980. The People urge, however, that despite the warrantless arrest in the defendant's home, the evidence is admissible for trial purposes because of the exigent circumstances of the arrest (see *United States v Campbell*, 581 F2d 22). At the conclusion of the hearing, the court made no findings on that issue, instead limiting its ruling to whether *Payton* was retroactive to the date of the arrest. That being so, the matter should be remitted for the purpose of making findings on the issue of exigent circumstances (see *People v White*, 95 AD2d 787). Bracken, J. P., Brown, Niehoff and Boyers, JJ., concur.