■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDDIE GORDON, Appellant. — Appeal by defendant from a judgment of the Supreme Court,

Kings County (Barshay, J.), rendered July 29, 1977, convicting him of manslaughter in the first degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of defendant's motion to suppress physical evidence. By order dated February 5, 1979, this court, citing *People v Payton* (45 NY2d 300), affirmed the judgment (*People v Gordon,* 67 AD2d 931). Leave to appeal to the Court of Appeals was denied (*People v Gordon,* 46 NY2d 1080). On April 21, 1980, the United States Supreme Court vacated this court's order of affirmance and remitted the case to us for further consideration in light of *Payton v New York* (445 US 573, revg *sub nom. People v Payton,* 45 NY2d 300, *supra*), decided subsequent to the affirmance by this court (*Gordon v New York,* 446 US 903). On remittitur, this court affirmed defendant's judgment of conviction holding that *Payton v New York* (*supra*) should not be applied retroactively (*People v Gordon,* 80 AD2d 647). Leave to appeal to the Court of Appeals was denied (*People v Gordon,* 54 NY2d 685). Subsequently, the United States Supreme Court ruled in *United States v Johnson* (457 US 537) that *Payton v New York* (*supra*) was to be retroactively applied to all cases pending on direct appeal when it was decided. By order dated October 12, 1983 this court granted defendant's motion for reargument. Case remitted to Criminal Term to hear and report on whether there existed exigent circumstances to support the warrantless arrest of the defendant, and appeal held in abeyance in the interim. Criminal Term shall file its report with all convenient speed. Although it found that a warrantless and nonconsensual entry into defendant's girlfriend's apartment occurred in the case at bar, the hearing court declined to suppress the physical evidence seized on the ground that probable cause existed to arrest defendant. Since that time, the United States Supreme Court has held that, in the absence of exigent circumstances, the police may not arrest a person in his home without a warrant (*Payton v New York, supra*), and further that *Payton* (*supra*) should be applied retroactively to cases such as the case at bar. The People urge, however, that despite the warrantless arrest of defendant in his girlfriend's home, the evidence seized incident to the arrest is admissible for trial purposes because of the exigent circumstances of the arrest (see *United States v Campbell,* 581 F2d 22). At the conclusion of the suppression hearing, the court made no findings on that issue. That being so, the case should be remitted for a hearing and findings of fact on the issue of exigent circumstances (see *People v Ennis,* 95 AD2d 838, application for lv to app dsmd 59 NY2d 676; *People v White,* 95 AD2d 787; *People v Maerling,* 89 AD2d 1001). Gibbons, J. P., Thompson, Weinstein and Brown, JJ., concur.