■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MACIO ENNIS, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Sherman, J.), rendered September 1, 1981, convicting him of criminal possession of a weapon in the fourth degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial of the defendant's motion to suppress physical evidence (Agresta, J.).

By order of this court dated June 20, 1983, the matter was remitted to Criminal Term to make findings on the issue of exigent circumstances and the appeal has been held in abeyance in the interim (*People v Ennis,* 95 AD2d 838). Criminal Term (Agresta, J.) has now complied.

Judgment affirmed.

Defendant challenged his arrest and the seizure of several weapons pursuant to such arrest under the principles and proscriptions enunciated in *Payton v New York* (445 US 573). His motion to suppress was denied by the hearing court, upon its holding that *Payton* (*supra*) should not be given retroactive effect. Following that determination, the United States Supreme Court held that *Payton* should be applied to all convictions, such as the one in the case at bar, which were not yet final when Payton was decided (*United States v Johnson,* 457 US 537). Accordingly, we remitted the case to Criminal Term for the making of findings on the issue of exigent circumstances. Upon remittitur, Criminal Term found that exigent circumstances existed and that defendant's warrantless arrest and the incidental search and seizures were lawful. Upon our review of the record, we agree with Criminal Term's findings and conclusions.

We have considered the other points raised by defendant upon remand and find them to be without merit. Bracken, J. P., Brown, Niehoff and Boyers, JJ., concur.