■ The People of the State of New York, Respondent, v Macio Ennis, Appellant. — Appeals by defendant (1) from a judgment of the Supreme Court, Kings County (Potoker, J.), rendered June 10, 1981, as amended August 5, 1981, convicting him of rape in the first degree (two counts), sodomy in the first degree, sexual abuse in the first degree (two counts) and kidnap-ping in the second degree, upon a jury verdict, and imposing sentence; and (2) (by permission) from an order of the same court, entered March 22, 1983, which denied his motion, *inter alia,* to vacate the judgment rendered June 10, 1981, as

amended August 5, 1981, pursuant to CPL 440.10. The appeal from the judgment brings up for review the denial, after a hearing, of defendant's motion to suppress certain identification testimony.

Judgment, as amended, modified, on the law, by reversing the kidnapping in the second degree conviction, the sentence imposed thereon is vacated and said count of the indictment is dismissed. As so modified, judgment, as amended, affirmed.

Order entered March 22, 1983, affirmed.

We agree with defendant's contention that the merger doctrine must be applied in this case and therefore his conviction of kidnapping in the second degree must be reversed, the sentence imposed thereon vacated and said count dismissed (see *People v Cassidy,* 40 NY2d 763; *People v Lombardi,* 20 NY2d 266). "The merger doctrine is intended to preclude conviction for kidnapping based on acts which are so much the part of another substantive crime that the substantive crime could not have been committed without such acts and that independent criminal responsibility may not fairly be attributed to them" (*People v Cassidy, supra,* p 767). The evidence presented at trial revealed that any detention of the victim was incidental to the commission of the underlying crimes of rape, sodomy and sexual abuse (*People v Usher,* 40 NY2d 763, 768; cf. *People v Lombardi, supra*).

However, we find that dismissal of the sexual abuse in the first degree counts is not warranted under the circumstances herein (cf. *People v Ford,* 62 NY2d 275; *People v Glover,* 57 NY2d 61).

Defendant contends that he was entitled to a hearing on his motion to suppress the victim's in-court and out-of-court identifications because defendant was allegedly illegally arrested without a warrant in violation of the rule enunciated in *Payton v New York* (445 US 573). We note that this court has already determined that defendant's arrest at an apartment in Queens was lawful (see *People v Ennis,* 104 AD2d 560). Even if defendant's arrest had been found to be unlawful, suppression of the victim's identification testimony would not be warranted (*People v Pleasant,* 54 NY2d 972, cert den 455 US 924). Neither the in-court identification of defendant, which was based upon the victim's independent recollection, nor the lineup identification of defendant, which was "'sufficiently distinguishable to be purged of [any] primary taint'" (*Wong Sun v United States,* 371 US 471, 488; see *People v Pleasant, supra*), would be precluded by any unlawful seizure of the defendant by the police. Finally, this court has previously indicated its disapproval of the failure

of the police to preserve a photographic array shown to a victim (see *People v Foti,* 83 AD2d 641, 642). However, even if we assume that the photographic identification by the victim in the instant case was unduly suggestive, as noted previously, the record establishes a sufficient independent basis for both the in-court and lineup identifications (see *People v Pleasant, supra; People v Williams,* 87 AD2d 876; *People v Graham,* 67 AD2d 172; *People v Reeves,* 49 AD2d 537, affd 39 NY2d 1047).

We have considered defendant's other contentions, including his claim of ineffective assistance of counsel, and his contentions raised on the appeal from the denial of his postjudgment motion pursuant to CPL 440.10, and find them to be without merit. Thompson, J. P., Weinstein, Rubin and Lawrence, JJ., concur.