■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICK LYNCH, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Sangiorgio, J.), rendered August 10, 1983, convicting him of rape in the first degree and sexual abuse in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Felig, J.), after a hearing, of the defendant's motion to suppress identification testimony.

Judgment affirmed.

While there were certain inconsistencies in the complaining witness's testimony, these inconsistencies were fully explored at trial *(see, People v Bigelow,* 106 AD2d 448) and, in any event, did not rise to such a level as to make her testimony incredible as a matter of law *(see, People v Herbert,* 100 AD2d 883; *People v Monaco,* 93 AD2d 823). The defendant's guilt was proved beyond a reasonable doubt.

Furthermore, although we strongly disapprove of the failure of the police to preserve the photo array shown to the complainant *(see, People v Ennis,* 107 AD2d 707; *People v Foti,* 83 AD2d 641), the inference of suggestiveness arising from that failure was sufficiently rebutted by the circumstances surrounding the identification procedure employed and by the volume of pictures shown to the complainant *(see, People v Rahming,* 26 NY2d 411; *cf. People v Johnson,* 106 AD2d 469).

The alleged errors in the jury charge and the alleged bolstering of identification testimony were not preserved for appellate review *(see,* CPL 470.05 [2]; *People v Thomas,* 50 NY2d 467), and we decline to exercise our interest of justice jurisdiction to review them.

Finally, in light of the defendant's prior criminal history

and the nature of the offense at bar, the court's imposition of the maximum sentence upon the defendant's adjudication as a second violent felony offender does not require modification. Lazer, J. P., Thompson, Weinstein and Eiber, JJ., concur.