■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHNNY WATKINS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldman, J.), rendered July 28, 1983, convicting him of robbery in the first degree (three counts), robbery in the second degree (three counts), burglary in the first degree, rape in the first degree, and sodomy in the first degree (three counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial of the defendant's motion to suppress certain physical evidence, incriminating statements and identification testimony.

Judgment affirmed.

We find unpersuasive the defendant's contention that he was illegally arrested. The evidence before the hearing court established that the defendant was identified by a third party as the person from whom he had obtained a stolen automobile, and the defendant's photograph was also identified by one of the complainants as the man who had robbed, raped and sodomized her. Hence, the hearing court's conclusion that the arrest was supported by probable cause is amply sustained by the record (see, People v Berzups, 49 NY2d 417).

Similarly unavailing is the defendant's argument that his constitutional rights were violated by the warrantless entry of police into a burned-out apartment in order to effectuate his arrest. The hearing testimony clearly negated the existence of the defendant's claimed privacy interest in the apartment, and at best established that he was a mere transient upon the premises. In this regard, it must be noted that there was no proof that the defendant kept any possessions at the apartment, stayed there with any frequency, or exercised any control over the premises. Indeed, the evidence established that he alternately resided at two other locales, and that, upon his arrest, he gave one of these latter addresses as his own.

Additionally, we observe that the hearing court found that the burned-out apartment was vacant, open to the public and uninhabitable at the time of the defendant's arrest. This finding is amply supported by evidence showing that the tenants of the premises had moved out after a fire, the apartment suffered severe fire and water damage, the windows had been broken and boarded up, the door lock was broken, and the tenants requested the cessation of gas and electric service to the premises. The factual determinations of the hearing court are to be accorded great deference on appeal,

and are only to be disturbed if they are without support in the record *(see, People v Gee,* 104 AD2d 561). On the present record, we discern no basis for interfering with the aforementioned findings of the court. Under the totality of these circumstances, we agree with the hearing court's determination that the defendant failed to establish a legitimate expectation of privacy in the apartment so as to enable him to challenge the propriety of the warrantless police entry *(see, People v Ponder,* 54 NY2d 160; *People v Bencevi,* 111 AD2d 397; *People v Farinaro,* 110 AD2d 653).

We further reject the defendant's contention that the identification testimony of one of the complainants should have been suppressed due to the People's failure to produce at the hearing a number of police photographs which were viewed by her. While we strongly disapprove of the failure to produce these photographs *(see, People v Lynch,* 117 AD2d 823), we agree with the hearing court's determination that the People clearly established an independent basis for both the in-court and lineup identifications *(see, People v Adams,* 53 NY2d 241; *People v Ennis,* 107 AD2d 707; *People v Johnson,* 106 AD2d 469). Furthermore, we deemed any alleged error which may have occurred during the cross-examination of defense witness Angel Diaz to be harmless beyond a reasonable doubt in light of the overwhelming proof of the defendant's guilt *(see, People v Crimmins,* 36 NY2d 230).

Finally, we note that while the consecutive sentences imposed by the court were neither improper nor illegal, the aggregate maximum term of these sentences must be deemed to be 30 years pursuant to Penal Law § 70.30 (1) (c) *(see, People v Moore,* 61 NY2d 575). Bracken, J. P., Niehoff, Lawrence and Kunzeman, JJ., concur.