■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID A. WOOD, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Collins, J.), rendered June 12, 1984, convicting him of murder in the second degree (two counts), and criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and sentencing him to indeterminate terms of from 20 years to life imprisonment on each of the murder in the second degree convictions, to run consecutively to each other, and to indeterminate terms of from 5 to 15 years' imprisonment on each of the convictions of criminal possession of a weapon in the second degree, to run concurrently with each other and with the murder in the second degree convictions.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, so as to provide that the terms of imprisonment are to run concurrently rather than consecutively; as so modified, the judgment is affirmed.

The defendant's contention that he was denied a fair trial is without merit. It was not an abuse of discretion for the trial court to deny the defendant's application, made on the eve of trial for a two-week adjournment so that he could call a particular psychiatrist to testify as to his mental history. It is well settled that the granting or denial of an adjournment for any purpose is a matter resting within the sound discretion of the trial court (*People v Singleton,* 41 NY2d 402; *People v Oskroba,* 305 NY 113, *rearg denied* 305 NY 696). Ordinarily a request for a short adjournment in order to find an identified witness should be granted (*People v Foy,* 32 NY2d 473). However, where the testimony sought from the proposed witness is cumulative, as it would have been in this case, denial of an adjournment is proper (*People v Cable,* 63 NY2d 270). Further, the defendant's counsel failed to exercise diligence in attempting to procure this witness; he never properly established the unavailability of the witness; and he declined the trial court's offer of a short adjournment for that purpose.

Also, it was proper for the trial court to resubmit the case to the jury when faced with a situation where the form of the verdict reported by the jury was not in accordance with the court's instructions (*see,* CPL 310.50 [2]; *People v Salemmo,* 38 NY2d 357). The misunderstanding was clarified by the court; and, given the clear manner in which the jury subsequently marked the verdict sheet within less than 10 minutes after returning to the deliberating room, there is no question that the jury intended to convict the defendant of murder in the second degree on both counts and, in fact, had considered and rejected the defense of extreme emotional disturbance. Moreover, the resubmission of the case to the jury did not subject the defendant to double jeopardy. Since a defendant has a right to be judged by the jury impaneled to determine his innocence or guilt (*see, Illinois v Somerville,* 410 US 458), double jeopardy does not attach where the same jury reconsiders its defective or inconsistent verdict (*see, People v Salemmo, supra*).

The sentence imposed was excessive to the extent indicated.

We have reviewed the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Bracken, J. P., Lawrence, Kunzeman and Spatt, JJ., concur.