■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOE YOUNG, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Clemente, J.), rendered February 18, 1981, convicting him of sexual abuse in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial of that branch of the defendant's omnibus motion which was for the suppression of identification testimony.

Ordered that the judgment is affirmed.

The defendant's contention that the complainant's identification testimony should have been suppressed due to the alleged suggestiveness of the photographic identification procedures is without merit. We agree with the hearing court's determination that the People clearly established an independent basis for both the in-court and lineup identifications *(see, People v Adams,* 53 NY2d 241; *People v Watkins,* 121 AD2d 583, *lv denied* 68 NY2d 918; *People v Lynch,* 117 AD2d 823, *lv denied* 68 NY2d 670). The complainant had ample opportunity to observe the defendant's unique features at close range throughout the 1½-hour incident. Furthermore, in view of the overwhelming evidence of guilt, including both direct and circumstantial evidence of identity, admission of evidence which implicitly bolstered the identification testimony was harmless error *(see, People v Johnson,* 57 NY2d 969; *People v Mobley,* 56 NY2d 584). Weinstein, J. P., Rubin, Kunzeman and Kooper, JJ., concur.