■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN M. MILZA, Appellant

The hearing court properly refused to suppress evidence of the showup identifications of the defendant, since the identifications were conducted after the police had probable cause to arrest the defendant, and they took place at the crime scene within 20 minutes of the commission of the crime under conditions which were not unduly suggestive *(see, e.g., People v Love,* 57 NY2d 1023; *People v Brnja,* 70 AD2d 17, *affd* 50 NY2d 366; *People v Kennerly,* 117 AD2d 624, *lv denied* 67 NY2d 945).* One-on-one confrontations which occur in close spatial and temporal proximity to the scene and time of the crime are indicative of good police work aimed at apprehending the perpetrator and releasing innocent suspects as soon as possible, as the witness's memory is most fresh at that time *(see, People v Love, supra; People v Gilliard,* 116 AD2d 657, *lv denied* 67 NY2d 943).* Moreover, in the case at bar, the People proved by clear and convincing evidence that there was a reliable independent source for both witnesses' identification of the defendant *(see, Manson v Brathwaite,* 432 US 98).*

We have considered the defendant's remaining contentions, including his claim that his sentence was excessive and find them to be without merit. Thompson, J. P., Brown, Weinstein and Harwood, JJ., concur.