■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID RAMIREZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Yoswein, J.), rendered November 5, 1986, convicting him of robbery in the second degree, grand larceny in the third degree, and criminal

possession of stolen property in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Cohen, J.), after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

We find that the hearing court properly determined that testimony regarding the showup identification procedure was admissible in evidence at trial. The showup occurred approximately 15 to 20 minutes after the robbery and immediately subsequent to the apprehension of the defendant and his accomplice while they were observed by a security guard dispatcher rummaging through the complainant's purse and placing items in their pockets. It cannot be said that the showup was so "unnecessarily suggestive and conducive to irreparable mistaken identification, that the defendant was denied due process of law" *(People v Brnja,* 70 AD2d 17, 23, *affd* 50 NY2d 366; *see, People v Milza,* 140 AD2d 718; *People v Molina,* 140 AD2d 377). Any error attendant upon the trial court's having allowed the apprehending dispatcher to testify regarding the fact that the complainant had selected the defendant from the showup must be deemed harmless in view of the unequivocal identification testimony of the victim and because the dispatcher's testimony confirmed only the bald fact of the identification *(see, People v Johnson,* 57 NY2d 969, 970-971; *People v Young,* 133 AD2d 656; *People v Russo,* 133 AD2d 477, *lv denied* 70 NY2d 877).

Viewing the evidence in light most favorable to the People, we find that it was legally sufficient to support the defendant's conviction *(see, People v Contes,* 60 NY2d 620, 621). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

We have considered the defendant's remaining contentions and find them to be without merit. Brown, J. P., Lawrence, Weinstein and Balletta, JJ., concur.