■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD CARTER, Appellant.—Judgment, Supreme Court, New York County (Herbert I. Altman, J.), rendered on November 25, 1986, which convicted defendant, after a jury trial, of four counts of robbery in the first degree, two counts of robbery in the second degree, four counts of attempted robbery in the first degree, two counts of attempted robbery in the second degree, and one count of criminal possession of a weapon in the second degree, and which sentenced him to concurrent prison terms of 10 to 20 years for the first degree robbery convictions, 3 to 6 years for the attempted robbery in the second degree convictions, and 7 to 14 years for each of the remaining convictions, unanimously affirmed.

The defendant's guilt on the robbery and attempted robbery charges was proven beyond a reasonable doubt. Five witnesses gave consistent testimony showing that the defendant, brandishing a .357 magnum pistol, and his codefendant, brandishing a stolen knife, robbed the occupants of an apartment being used as a "shooting gallery". The character of the witnesses, the effect of their drug use on their perceptions, and any minor inconsistencies in their testimony presented nothing more than questions of credibility for the jury *(People v Mosley,* 112 AD2d 812, 814, *affd* 67 NY2d 985).

Defendant never requested the Trial Judge to charge the jury on circumstantial evidence. Accordingly, the issue is not preserved for appellate review (CPL 470.05). Furthermore, a special instruction on circumstantial evidence is required only where the prosecution relies solely on circumstantial evidence *(People v Ruiz,* 52 NY2d 929, 930). Here, the prosecution presented direct evidence consisting of the testimony of two eyewitnesses who saw the defendant in possession of the gun later found near the site of his arrest.

Defendant's final argument that his sentence is excessive is without merit. Concur—Kupferman, J. P., Carro, Asch, Rosenberger and Smith, JJ.