■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRELL BRIMMAGE, Appellant.—Judgment, Supreme Court, New York County (Juanita Bing Newton, J.), rendered June 23, 1988, which convicted defendant, after a plea of guilty of attempted robbery in the first degree and sentenced him to an indeterminate term of from 4 to 8 years' imprisonment, is unanimously affirmed.

Officers Waters and Schuman observed defendant and a cohort running eastbound on 68th Street and looking over their shoulders. The suspects ran into the street in front of oncoming traffic, causing cars to swerve, and frantically attempted to hail a cab. The officers approached the two men, who were standing about 15 feet apart.

When Officer Schuman questioned the defendant's cohort, Grady, the latter pulled a knife on the officer. The officer gained control of the weapon and seized Grady. Defendant and Grady were then detained while Waters went back down 68th Street from where the men had first been observed running.

Waters came upon a garage attendant who reported that he had just been robbed. The attendant accompanied Waters back up 68th Street and immediately identified defendant and Grady as the robbers. The suspects were not, at the time, handcuffed or under arrest. A subsequent search of defendant uncovered the attendant's stolen property.

Following the denial of his motion to suppress, defendant pleaded guilty to attempted robbery in the first degree.

Defendant argues on appeal that the motion to suppress should have been granted because he was arrested on less than probable cause and that the showup identification should have been suppressed as impermissibly suggestive because he was handcuffed and positioned next to Grady at the time of this identification. We reject both contentions.

The defendant's action in running down the street while looking over his shoulder, and running into oncoming traffic, and frantically waving in an attempt to hail a cab is a

sufficient predicate to justify the officers' exercise of the common-law right of inquiry. *(People v De Bour,* 40 NY2d 210, 223 ["the common-law right to inquire * * * is activated by a founded suspicion that criminal activity is afoot"].) When Grady pulled out a knife, Officer Schuman quite properly seized the weapon and Grady, and Officer Waters properly forcibly detained defendant for the purposes of investigating further. When this investigation quickly led to discovery of the robbery victim and identification of defendant as one of the robbers, the arrest and subsequent search of defendant was based on probable cause and therefore there exists no basis to suppress.

Further, the showup identification shortly after the commission of the crime was permissible since the defendants were not handcuffed at the time, and the viewing was immediate and near the crime scene. *(People v Love,* 57 NY2d 1023.) Concur—Murphy, P. J., Sullivan, Carro, Milonas and Rubin, JJ.