■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GILBERT CRUZ, Appellant.—Judgment, Supreme Court, Bronx County (Lawrence Tonetti, J., at suppression hearing, jury trial and sentence), rendered September 26, 1988, convicting defendant of criminal possession of a weapon in the third degree and criminal possession of a weapon in the fourth degree and sentencing him, as a second violent felony of-

fender, to a term of 2½ to 5 years in prison and unconditional discharge, respectively, is unanimously affirmed.

The uncontradicted testimony at trial was that defendant, after an argument with other pimps over a prostitute, fired at them from a distance of 20 to 30 feet. The defendant, who was in the company of a woman unconnected with the argument, fled in a white taxi. Moments later the prosecution witnesses pointed the vehicle out to nearby police officers and told them that defendant had just fired shots at them. The gun was recovered from the waist area of defendant's female companion. After being read his *Miranda* rights defendant stated that he gave the woman the weapon and that she had "nothing to do with it".

The evidence at trial was clearly sufficient to support the verdict. There is no basis upon which to disturb the jury's resolution of the questions of credibility presented by the unsavory character of the prosecution witnesses. *(See, People v Carter,* 155 AD2d 276, *lv denied* 75 NY2d 811.) The claims in defendant's *pro se* supplemental brief concerning the court's charge were not properly preserved for appellate review. (CPL 470.05.) Those issues raised regarding the use at trial of defendant's statement have been reviewed and found to be without merit. Concur—Ross, J. P., Rosenberger, Asch, Kassal and Wallach, JJ.