■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KELVIN BENN, Also Known as PETER BENN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Browne, J.), rendered February 16, 1990, convicting him of criminal possession of a controlled substance in the fourth degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for further proceedings pursuant to CPL 460.50 (5).

At the suppression hearing, the People adduced evidence that an undercover police officer had purchased crack cocaine

from three men inside a bungalow in Far Rockaway. Thereafter, other officers from the undercover officer's back-up team entered the bungalow and arrested the three men. We find unpersuasive the defendant's contention that his constitutional rights were violated by the warrantless entry of the police into the bungalow. The defendant failed to establish at the pre-trial hearing that he had a legitimate expectation of privacy in the bungalow so as to enable him to challenge the propriety of the warrantless police entry. The record simply showed that the defendant was found inside a "burned-out" bungalow, which had no electric lighting and which was basically empty except for some gym equipment. There was no proof presented at the hearing that the defendant owned any of this gym equipment, that he stayed at this bungalow with any frequency, or that he exercised any control over the premises *(see, People v Watkins,* 121 AD2d 583, 583-584).

Further, we find that the hearing court did not improvidently exercise its discretion when it denied the defendant's request for a continuance. Although "[o]rdinarily a request for a short adjournment in order to find an identified witness should be granted" *(People v Wood,* 129 AD2d 598, 599), where it does not appear that the evidence to be supplied by the proposed witness is material or relevant, denial of an adjournment is proper *(see, People v Wood, supra,* at 599; *People v Wilkins,* 133 AD2d 477, 478). In this case, the hearing court properly determined that the testimony of the proposed witness would not be material given the circumstances and the sufficiency of the testimony at the hearing. Lawrence, J. P., Harwood, Rosenblatt and O'Brien, JJ., concur.