■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS REAVIS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Broomer, J.), rendered September 11, 1987, convicting him of assault in the second degree and attempted robbery in the first degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

There is sufficient evidence in the record to support the suppression court's finding that the pretrial identification procedure was not impermissibly suggestive *(see, People v Chipp,* 75 NY2d 327, *cert denied* — US —, 111 S Ct 99; *People v Floyd,* 122 AD2d 71; *People v Lynch,* 117 AD2d 823).

Contrary to the contention of the defendant, on the instant

record, the trial court did not improvidently exercise its discretion in refusing to grant him a continuance as the evidence he sought to obtain was merely cumulative *(see, People v Cable,* 63 NY2d 270; *People v Wood,* 129 AD2d 598).

The defendant's argument with respect to the trial court's no adverse inference charge is unpreserved for appellate review since the defendant did not object to the trial court's charge as given *(see, People v Autry,* 75 NY2d 836). In any event, we find that the trial court's charge with respect to the defendant's failure to testify was consistent with the intent of CPL 300.10 (2), did not change the meaning of the statute *(see, People v Lawton,* 144 AD2d 584), and was not so extensive as to prejudicially draw the jury's attention to the issue *(see, People v Davidson,* 150 AD2d 717).

We have considered the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Thompson, J. P., Lawrence, Balletta and O'Brien, JJ., concur.