■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD C. BROWN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Cowhey, J.), rendered December 6, 1988, convicting him of robbery in the first degree, robbery in the second degree, and grand larceny in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was charged with and convicted of the robbery of a jewelry store in downtown Yonkers on May 6, 1987. One day during the trial, before proceedings for that day commenced, the defendant's girlfriend introduced a woman to defense counsel. According to defense counsel, the woman told him that her brother Michael DeCosta had been a jewelry store robber and that he was not in jail at the time of the instant robbery. The woman then provided a photograph of her brother to defense counsel. Proceedings for the day commenced, and defense counsel presented one of his witnesses. After that witness testified, defense counsel requested and received a two-day adjournment based on the new evidence he received. During these two days, defense counsel obtained another photograph of DeCosta, was informed that DeCosta had been free on parole during the period of the instant robbery, and that he was apparently living somewhere in the Bronx.

Defense counsel then unsuccessfully tried to show the photographs to two witnesses who had already testified at trial. Thereafter, upon the resumption of the trial, defense counsel asked for a further adjournment in order to show the photograph of DeCosta to trial witnesses who had also previously testified. Defense counsel made no further offer of proof other than his opinion that the photographs of DeCosta matched the descriptions of the defendant given by various witnesses. The court, after having viewed the photographs of DeCosta, denied defense counsel's request because it did not want to delay the trial any longer and because it found the nature of defense counsel's offer of proof to be highly speculative.

We reject the defendant's contention that the trial court erred in refusing to grant him the requested adjournment. The decision as to whether to grant an adjournment is ordinarily within the sound discretion of the trial court *(see, People v Spears,* 64 NY2d 698, 699-700; *People v Wood,* 129 AD2d 598). While a court should ordinarily grant a request for a short adjournment to find an identified witness, there is no

mechanical rule requiring the court to grant an adjournment in every such situation (see, People v Foy, 32 NY2d 473, 478). It has also been stated that where the testimony sought from the proposed witness is cumulative, denial of an adjournment is proper (see, People v Cable, 63 NY2d 270, 283-284; People v Wood, supra).

Under the circumstances in the case at bar, there was no improvident exercise of discretion by the trial court. As noted, the court had already granted the defendant an adjournment. Additionally, while the proposed testimony might not have been cumulative as that term is ordinarily used, we agree with the trial court that the nature of the testimony was of a highly speculative nature, which should not have delayed the trial. Moreover, the jewelry store's two employees had already made positive identifications of the defendant at trial and had previously identified him through the use of photographs.

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to support the defendant's conviction. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

We have considered the defendant's remaining contentions, including those raised in his supplemental pro se brief, and find them to be without merit. Thompson, J. P., Lawrence, Balletta and O'Brien, JJ., concur.