■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR LUGO, Appellant.

Evidence at trial was that defendant and two companions robbed the victim at gunpoint of his wallet and camera, as he attempted to leave a Manhattan subway station in the early morning of July 11, 1989. As the robbers ran from the station, they were observed by police on duty in the area, who noted that they ran into the Port Authority Terminal. Within minutes of a radio run of the robbery, which included descriptions of the robbers, defendant and one of his companions were observed huddled together inside the terminal, thumbing through the victim's wallet. They were arrested when the victim arrived at the terminal and identified them as two of the robbers.

Viewing this evidence in the light most favorable to the People, and giving them the benefit of every reasonable inference *(People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932), the jury's determination of defendant's guilt beyond a reasonable doubt was amply supported by the evidence *(People v Bleakley,* 69 NY2d 490).

Substantive evidence at the pretrial suppression hearing was essentially the same as at trial. The hearing court properly found that the police acted reasonably in stopping and inquiring of the men they had observed fleeing from the scene of a reported robbery and then thumbing through a wallet *(see, People v De Bour,* 40 NY2d 210), in conducting a prompt showup very near the crime scene *(see, People v Duuvon,* 77 NY2d 541), and in arresting defendant when the victim identified him as one of the robbers *(see, People v Acevedo,* 102 AD2d 336). Although both Port Authority officers and New York City police officers (uniformed and in plain clothes) were

present at the time of the showup, neither defendant nor his companion were then handcuffed, and the immediate viewing within one city block of the crime scene was entirely permissible (see, e.g., People v Brimmage, 161 AD2d 379, lv denied 76 NY2d 853).

We have considered defendant's remaining claims and find them to be without merit. Concur—Rosenberger, J. P., Wallach, Kupferman, Asch and Rubin, JJ.