■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE RODRIGUEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Levine, J.), rendered January 28, 1991, convicting him of assault in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for further proceedings pursuant to CPL 460.50 (5).

Requests for adjournments are addressed to the sound discretion of the trial court (see, People v Spears, 64 NY2d 698; People v Singleton, 41 NY2d 402; People v Foy, 32 NY2d 473). "As a general matter of policy, requests for brief adjournments to secure witnesses should be granted where the witness is identified [and] is within the court's jurisdiction and there is a showing of some diligence and good faith" (People v Brown, 78 AD2d 861; see also, People v Moutinho, 146 AD2d 650). However, the potential witness must be shown to be a material witness (see, People v Foy, supra, at 478). Thus, a request for an adjournment may be denied where the testi-

mony sought from the proposed witness may be cumulative *(see, People v Cable,* 63 NY2d 270; *People v Wood,* 129 AD2d 598) or speculative *(see, People v Brown,* 177 AD2d 585).

In the instant case, after all the defense witnesses had testified, the defense counsel for the first time stated his intention to call a physician to testify as to the "likelihood that the injuries in this case would have been caused as has been testified [to] by the prosecution witness". Counsel asked for a continuance from that Friday until the following Monday afternoon, when the physician reportedly was available. Considering the defendant's delay in obtaining a physician and the speculative nature of the anticipated testimony, we find that it was not an improvident exercise of discretion for the court to deny the request for the adjournment *(see, People v Brown,* 177 AD2d 585, *supra).*

Moreover, even if the denial of the request for adjournment was error, it was harmless, in view of the overwhelming evidence against the defendant *(see, People v Crimmins,* 36 NY2d 230). A prosecution witness testified that she observed the defendant "hitting [the complainant] with both his fists and kicking her and it was, like, a wally *[sic]* of fists", that "there was no end to the hitting", and that the defendant dragged the complainant along the street "like a rag doll" towards his car, into which he tried to push the complainant. Thus, it was abundantly clear that the injuries were caused by a beating and not a fall, as the defendant contended. Lawrence, J. P., Miller, O'Brien and Pizzuto, JJ., concur.