■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE ENCARNACION, Appellant. [595 NYS2d 199] —Judgment, Supreme Court, Bronx County (Ivan Warner, J., at suppression hearing; John Stackhouse, J., at trial and sentence), rendered May 21, 1991, convicting defendant, after a jury trial, of robbery in the first and second degrees and endangering the welfare of a child, and sentencing him, as a persistent violent felony offender, to concurrent prison terms of 20 years to life on the robbery counts and 1 year on the endangering count, unanimously affirmed.

Viewing the evidence in a light most favorable to the People, we find that the jury's verdict was amply supported by the evidence, including the positive identification of defendant by one of the complainants within minutes of the crime, and the recovery of another complainant's jewelry from defendant's person upon his arrest. Defendant's argument that the verdict is against the weight of the evidence raises only issues of credibility concerning the identification that were properly left to the jury (see, People v Loveano, 176 AD2d 584, lv denied 79 NY2d 949).

The police had just received a radio transmission of a robbery in progress briefly describing the assailants. Defendant and his cohort were running in the street two blocks away from the reported crime scene and looking behind them as they ran, although no one appeared to be chasing them. These circumstances provided the police with reasonable suspicion that defendant and his cohort might have committed the crime (People v Lugo, 179 AD2d 565, lv denied 79 NY2d 949), and justified the minimal intrusion in asking them to stop (People v Martinez, 80 NY2d 444; see also, People v Hicks, 68 NY2d 234).

Nor was the show-up identification of defendant by one of the victims unduly suggestive. Indeed, the two men were captured in the immediate vicinity of the crime scene and viewed by the witness within moments (see, People v Riley, 70 NY2d 523). The record also supports the hearing court's finding that the witness's observation of defendant during the crime provided her with an independent source for the identification (see, People v Hill, 161 AD2d 478, 479).

Finally, there is no basis to reduce defendant's sentence.

We have considered all other claims and find them to be of

no merit. Concur—Milonas, J. P., Rosenberger, Wallach and Ross, JJ.