THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL SOLANO, Appellant. [861 NYS2d 715]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Roman, J.), rendered January 17, 2002, convicting him of murder in the second degree (two counts), attempted murder in the second degree, assault in the first degree, robbery in the first degree, criminal possession of a weapon in the second degree, and assault in the second degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Hanophy, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is modified, on the law, by vacating the conviction of murder in the second degree under count two of the indictment, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

The defendant's motion to suppress the currency and papers recovered from his pocket was properly denied. At 4:30 in the morning, the defendant ran in front of a police officer's moving patrol car. The police officer had to brake to avoid hitting the defendant, who was running "at a very high rate of speed." The police officer was thus justified in approaching the defendant, and her questions about where he was going and what he was

doing were merely requests for information (*see People v Hollman,* 79 NY2d 181, 191 [1992]; *People v Lightfoot,* 22 AD3d 865, 866 [2005]). The defendant's evasive answers and the officer's observation of a bulge in the defendant's jacket pocket justified the officer in exercising her common-law right of inquiry (*see People v De Bour,* 40 NY2d 210, 215 [1976]; *People v Moore,* 6 NY3d 496, 498-499 [2006]; *People v Brimmage,* 161 AD2d 379, 379-380 [1990]). When the defendant refused to identify the object in his pocket, and in view of the other circumstances at that time, including the late hour and the fact that the defendant had just run in front of the patrol car, the officer was justified in conducting a pat-down search to ascertain whether the defendant was armed with a weapon (*see Matter of Anthony S.,* 181 AD2d 682, 683 [1992]; *People v Rasberry,* 172 AD2d 293 [1991]). Subsequently, when the officer felt something hard in the defendant's pocket, given his evasive answers, she had a legitimate concern for her safety which justified removing the object from his pocket (*see People v Oppedisano,* 176 AD2d 667, 668 [1991]; *People v Robinson,* 125 AD2d 259, 261 [1986]). Accordingly, the hearing court properly denied that branch of the defendant's omnibus motion which was to suppress the evidence recovered from the defendant.

However, there was legally insufficient evidence to support the defendant's conviction of depraved indifference murder under count two of the indictment. There was no valid line of reasoning and permissible inferences that could have led a rational jury to conclude, as the jury did, that the killing was reckless rather than intentional. The evidence showed that the decedent was killed in a one-on-one shooting by a point blank shot to his head from 6 to 16 inches away, and thus clearly demonstrated a "manifest intent to kill" (*People v Payne,* 3 NY3d 266, 271 [2004]). Accordingly, this is one of those rare and exceptional cases where the defendant's conviction of depraved indifference murder must be reversed and the charge dismissed, rather than reduced to a conviction of manslaughter in the second degree (*see People v McMillon,* 31 AD3d 136 [2006]; *see also People v Suarez,* 6 NY3d 202 [2005]; *People v Payne,* 3 NY3d 266 [2004]).

The defendant was not denied due process by the delay between the shooting incident and his arrest (*see People v Vernace,* 96 NY2d 886, 887 [2001]; *People v Taranovich,* 37 NY2d 442 [1975]; *People v Pacheco,* 38 AD3d 686 [2007]). Spolzino, J.P., Santucci, Eng and Leventhal, JJ., concur.