■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM BROWN, Also Known as RALPH BROWN, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Tsoucalas, J.), rendered August 26, 1975, upon resentence, convicting him of burglary in the third

degree and criminal mischief in the third degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. The facts have been considered and are determined to have been established. In our view the trial court committed error in denying defendant's *Sandoval* motion. The Court of Appeals in *People v Sandoval* (34 NY2d 371) required that, in ruling on the use of prior convictions for impeachment purposes, the trial court must balance the probative worth of the convictions against the possible prejudice to defendant. Here, the court made no attempt to balance these conflicting interests, but instead indicated that the People should not be prohibited from inquiring into the prior convictions of the defendant, as no similar restriction is made on the defendant's examination of the People's witnesses. There is no reason for applying *Sandoval* to witnesses other than the defendant (see *People v Allen,* 67 AD2d 558; *People v Duffy,* 44 AD2d 298, affd 36 NY2d 258). We cannot view a ruling on such a basis as a proper exercise of the trial court's discretion (see *People v Johnson,* 64 AD2d 907, 911, affd 48 NY2d 674). Nor can such error be considered harmless, where its effect was to cause the defendant to refrain from taking the stand in his own defense, and he was the only source of his defense (cf. *People v Rahman,* 46 NY2d 882). Accordingly, we have ordered a new trial. Hopkins, J. P., Damiani, Gibbons and Weinstein, JJ., concur.