■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v STANLEY GOLON, Respondent.—Appeal by the People from an order of the County Court, Nassau County (Baker, J.), dated March 27, 1990, which dismissed Nassau County Indictment No. 72859 without leave to resubmit the case to another Grand Jury.

Ordered that the order is modified, on the law, by deleting the provision thereof which denied the People leave to resub-

mit the case to another Grand Jury, and substituting therefor a provision granting the People leave to resubmit; as so modified, the order is affirmed, and the matter is remitted to the County Court, Nassau County, for further proceedings.

In March 1984, the defendant purchased a 1978 Lotus automobile and insured it with Aetna Casualty and Surety Company (hereinafter Aetna). On July 14, 1984, the defendant allegedly purchased an E. F. Johnson mobile radio/telephone for the car at a cost of approximately $2,000.

The defendant, asserting the car to have been stolen on January 2, 1985, filed a claim with Aetna, listing the radio/ telephone as part of the vehicle's equipment. Aetna issued two checks to the defendant in the sums of $18,013.06 and $2,060.65, respectively, for the loss of the vehicle and for the loss of the radio.

The police recovered the car three years later, and commenced an investigation. It culminated in a felony complaint charging the defendant with having committed insurance fraud in the third degree by presenting a fraudulent written statement to Aetna, and thereby wrongfully obtaining a cash settlement in excess of $20,000. The record regarding the filing of the complaint was not fully presented to us, but the charge was ostensibly based on the theory that the defendant did not actually own the car. To refute the charge, the defense counsel presented the Assistant District Attorney with evidence that in March of 1984 the defendant had been charged with driving the Lotus while he was intoxicated, and that the defendant was, therefore, the legitimate owner of the car. The People were also in possession of a certificate of title issued June 8, 1984, which listed the defendant as the owner of the car. Given this information, the Assistant District Attorney concluded that the People did not have a prima facie case against the defendant, and, accordingly, moved to reduce the felony complaint against the defendant, and then to dismiss it. The County Court granted the motion.

Immediately after the felony complaint was dismissed, the defendant filed a notice of claim for false arrest, against the appropriate municipalities, and the detective who signed the felony complaint. Thereafter, the District Attorney's office sent the defendant's attorney a letter, which states, in pertinent part: "It recently came to our attention that your client filed a Notice of Claim following a dismissal of the criminal charges against him. In its wake, we reviewed the case and learned that there was additional evidence that had not been brought to our attention prior to the time that the dismissal

was authorized. As a result of that review, we believe that there is a *prima facie* case, and have scheduled it on the Grand Jury calendar for October 6, 1989".

In its case to the Grand Jury, the prosecutor presented two witnesses who testified that they did not know the defendant and that the 1978 Lotus was stored at the request of the owner, John Lynch, continuously, in a garage in East Hampton from 1984 until 1986 or 1987. The prosecutor also presented evidence that the defendant had not purchased the radio allegedly installed in the Lotus, and that, moreover, an examination of the Lotus revealed that no radio had ever been installed.

The Grand Jury returned an indictment charging the defendant with grand larceny in the second degree (two counts) (Penal Law former § 155.35) and insurance fraud in the first degree (Penal Law former § 176.20). The defendant moved to dismiss the indictment, asserting, among other things, that the evidence before the Grand Jury was legally insufficient, and that the indictment was prompted solely as retaliation against him for having served a notice of claim.

The County Court granted the defendant's motion and dismissed the indictment without leave to resubmit, on the ground that the evidence presented to the Grand Jury was not legally sufficient to establish the offense charged or any lesser included offense (CPL 210.20 [1] [b]).

While we find that the evidence presented to the Grand Jury was legally sufficient to establish the offenses charged, we affirm the dismissal of the indictment, but with leave to resubmit the case to the Grand Jury.

The prosecutor's presentation of the case to the Grand Jury failed to disclose that the defendant had apparently owned the car, information which, in this case, went to the very heart of the charge. Although the prosecutor, at the time of Grand Jury presentation, had documentation relating to the defendant's ownership of the car, the Grand Jury was not told of it. Indeed, when a Grand Juror specifically asked about the ownership of the car, the prosecutor declined to answer the question. Because the Grand Jury was informed that Lynch owned the car, they were left with the impression that the defendant never owned the car, despite that, as known to the prosecutor, the defendant apparently took title after Lynch, some time before January 1985. The prosecutor thus concealed exculpatory matter that would have materially influenced the Grand Jury's investigation and findings *(see, People*

*v Rao,* 73 AD2d 88; *see also, People v Alexander,* 136 AD2d 332; *cf., People v Sepulveda,* 122 AD2d 175).

Therefore, the indictment was properly dismissed. However, leave to resubmit should have been granted. Harwood, J. P., Balletta, Rosenblatt and O'Brien, JJ., concur.