■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHNNIE MITCHELL, Appellant. [618 NYS2d 458] —Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Rohl, J.), rendered April 23, 1992, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. No questions of fact have been raised or considered.

We agree with the defendant's contention that the trial court's *Sandoval* ruling was in error. The trial court ruled that if the defendant chose to testify on his own behalf, the prosecutor would be permitted to inquire into 12 convictions spanning a period of 19 years prior to the trial of the instant offense. Additionally, inquiry would be permitted into the underlying facts of *all* of the defendant's prior convictions, as well as the underlying facts of both of his 1972 youthful offender adjudications, and the underlying facts of *all* of his prior arrests provided that those arrests did not result in dismissals on the merits. The trial court further ruled that it would permit inquiry into the defendant's bench warrant history. In short, the trial court appears to have exercised no discretion whatever in permitting inquiry into all of the defendant's prior criminal and bad acts, unless inquiry was specifically barred by law. Moreover, the trial court did not

even attempt to strike a balance "between the probative worth of evidence of prior specific criminal, vicious or immoral acts on the issue of the defendant's credibility on the one hand, and on the other the risk of unfair prejudice to the defendant, measured both by the impact of such evidence if it is admitted after his testimony and by the effect its probable introduction may have in discouraging him from taking the stand on his own behalf," in direct violation of *People v Sandoval* (34 NY2d 371, 375) and its progeny *(see, People v Williams,* 56 NY2d 236, 239-240; *People v Bowles,* 132 AD2d 465).

Contrary to the People's contention on appeal, harmless error analysis is inapplicable where, as here, the court's erroneous ruling had the effect of causing the defendant to refrain from taking the stand on his own behalf, and he was the primary source of his mistaken identity defense *(see, People v Moore,* 156 AD2d 394, 395; *People v Brown,* 84 AD2d 819, 820).

In light of our determination, we need not reach the remaining issues raised by the defendant, all of which pertain to the propriety of the sentence imposed. Lawrence, J. P., O'Brien, Joy and Altman, JJ., concur.