■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN WILLIAMS, Appellant. [748 NYS2d 667] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rotker, J.), rendered December 15, 1999, convicting him of robbery in the first degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant argues that the People's failure to present certain exculpatory evidence to the grand jury requires reversal of the judgment and dismissal of the indictment. However, in general, "the People maintain broad discretion in presenting their case to the Grand Jury and need not seek evidence favorable to the defendant or present all of their evidence tending to exculpate the accused" (*People v Mitchell,* 82 NY2d 509, 515). Contrary to the defendant's contentions, the People were under no obligation to present the evidence in question. That evidence went to the credibility of the complainant and "would not have materially influenced the Grand Jury's investigation" (*People v Scruggs,* 201 AD2d 514, 515; *see People v Dillard,* 214 AD2d 1028).

The defendant's contention that the identification evidence was legally insufficient to establish his guilt is unpreserved for appellate review since he did not specify this ground in his motion to dismiss at trial (*see* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10; *People v Williams,* 247 AD2d 416). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620), we find it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (*see* CPL 470.15 [5]). Santucci, J.P., Schmidt, Townes and Mastro, JJ., concur.