■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NANCY LYNN ELLIOTT, Appellant. [879 NYS2d 236]—

Lahtinen, J. Appeal from a judgment of the County Court of Saratoga County (Scarano, J.), rendered August 21, 2008, convicting defendant upon her plea of guilty of the crime of falsely reporting an incident in the third degree.

In full satisfaction of an eight-count indictment, defendant entered an *Alford* plea of guilty to falsely reporting an incident in the third degree in exchange for a sentence of three years of probation and waived her right to appeal. On the day before sentencing was scheduled, defendant moved for an adjournment to allow her an opportunity to confer with new counsel, claiming in an unsworn affidavit that her current counsel had misled her regarding the terms of her plea and that she had been indirectly threatened into pleading guilty by County Court. At sentencing, defendant again moved for an adjournment and also moved to withdraw her plea on the same grounds. County Court denied both motions and sentenced defendant in accordance with the plea agreement. Defendant now appeals.

We affirm. Initially, we note that the basis of defendant's request for an adjournment and motion to withdraw her plea relate to the voluntariness of the plea and, therefore, survive

her waiver of the right to appeal (*see People v Harrison*, 52 AD3d 969, 970 [2008], *lv denied* 11 NY3d 737 [2008]; *People v Wyant*, 47 AD3d 1068, 1069 [2008], *lv denied* 10 NY3d 873 [2008]). Turning to the merits, the "granting of an adjournment for any purpose is a matter of discretion for the trial court" (*People v Singleton*, 41 NY2d 402, 405 [1977]; *see People v Schnackenberg*, 269 AD2d 618, 619 [2000], *lv denied* 94 NY2d 925 [2000]). There is no proof in the record, other than her own unsworn affidavit, supporting defendant's claims of coercion. Notably, defendant did not raise this issue during the plea colloquy and indicated that she was pleading guilty voluntarily. Accordingly, we find no abuse of discretion in County Court's denial of defendant's request for an adjournment (*see People v Grimes*, 53 AD3d 1055, 1056 [2008], *lv denied* 11 NY3d 789 [2008]).

Regarding defendant's oral motion to withdraw her plea, we note that the only issues preserved for our review are those raised as the basis for her motion—the allegations of being misled by counsel and indirectly threatened by County Court into pleading guilty (*see People v Rogers*, 15 AD3d 682, 682 [2005]; *People v Spulka*, 285 AD2d 840, 840 [2001], *lv denied* 97 NY2d 643 [2001]). As there is nothing in the record to support her contentions and our review of the plea colloquy reveals that defendant acknowledged the rights she was relinquishing by her plea, that she understood the terms of the plea agreement and that she was entering an *Alford* plea to avoid facing a prison term, defendant has not established that her plea was induced by coercion. Moreover, her allegations concern matters outside the record and are more properly the subject of a CPL article 440 motion (*see People v Stevenson*, 58 AD3d 948, 949 [2009]; *People v Mosher*, 45 AD3d 970, 971 [2007], *lv denied* 10 NY3d 814 [2008]).

Cardona, P.J., Peters, Kane and Garry, JJ., concur. Ordered that the judgment is affirmed.