■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGUEL BLAS, Appellant. [894 NYS2d 520]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Knopf, J.), rendered March 19, 2008, convicting him of robbery in the third degree and grand larceny in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing

(Demakos, J.H.O.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the hearing court's finding that the brief detention and transportation of the defendant for the purpose of a showup identification procedure was reasonable under the circumstances was based on "articulable facts, credible objective evidence, and the rational inferences that flow therefrom" (*People v Hicks*, 68 NY2d 234, 243 [1986]). The defendant was found standing in the hallway of the apartment building into which the complainant had chased the perpetrator. The defendant matched the general description given by the witnesses, and was unable to adequately explain his presence in the building. The officers responding to this location did not act unreasonably when they escorted the defendant to the front of the building where the witnesses were standing in order to quickly confirm or dispel their reasonable suspicion that he may have been the person who committed the crimes (*id.* at 243). Accordingly, the hearing court properly denied that branch of the defendant's omnibus motion which was to suppress the identification testimony.

We reject the defendant's contention that the trial court erred in refusing to give the identification charge for one-witness identification cases (*see* CJI2d[NY] Identification—One Witness). Two witnesses identified the defendant as the perpetrator at trial. The court's expanded identification charge, which mirrored the model charge set forth in CJI2d(NY) Identification—Witness Plus, was more than sufficient under the circumstances of this case (*cf. People v Knight*, 87 NY2d 873, 875 [1995]; *People v Whalen*, 59 NY2d 273, 279 [1983]).

We also reject the defendant's challenge to certain remarks made by the prosecutor during summation. The challenged remarks constituted either fair comment on the evidence or a fair response to the defense summation (*see People v Halm*, 81 NY2d 819, 821 [1993]; *People v Ashwal*, 39 NY2d 105, 109 [1976]; *People v Molinaro*, 62 AD3d 724, 724-725 [2009]; *People v Valdes*, 291 AD2d 513, 514 [2002]; *People v Holguin*, 284 AD2d 343 [2001]; *People v Stokes*, 282 AD2d 553, 554 [2001]; *People v Turner*, 214 AD2d 594 [1995]).

The defendant's remaining contention is without merit. Fisher, J.P., Florio, Belen and Austin, JJ., concur.