■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARCUS AYALA, Appellant. [997 NYS2d 81]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Aloise, J.), rendered June 6, 2012, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial ordered.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's identity as the perpetrator of the subject crimes beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 348-349 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

We agree, however, with the defendant's contention that the Supreme Court erred in permitting the prosecutor to impeach the sole eyewitness with her grand jury testimony and photo array identification of the shooter. A party may impeach its own witness with prior inconsistent statements only when the testimony of that witness on a material issue tends to disprove the party's position or affirmatively damages the party's case (*see* CPL 60.35; *People v Saez*, 69 NY2d 802, 804 [1987]; *People v Fitzpatrick*, 40 NY2d 44, 51-53 [1976]; *People v Abrams*, 73 AD3d 1225, 1227 [2010], *affd* 17 NY3d 760 [2011]; *People v Andre*, 185 AD2d 276, 277 [1992]). "Trial testimony that the witness has no knowledge of or cannot recall a particular event, whether truthful or not, does not affirmatively damage the People's case" (*People v Lawrence*, 227 AD2d 893, 894 [1996]; *see People v Fitzpatrick*, 40 NY2d at 52; *People v Spurgeon*, 63 AD3d 863, 864 [2009]). Here, the testimony of the eyewitness that she did not remember the face of the shooter and could not identify the shooter because of the passage of time between the shooting and the trial, and because of her struggles with alcohol and depression, did not tend to disprove or affirmatively damage the People's case (*see People v Spurgeon*, 63 AD3d at 864; *People v Lawrence*, 227 AD2d at 894). Accordingly, it was error to permit the prosecutor to impeach the testimony of the eyewitness with her grand jury testimony and photo array identification.

The prejudicial impact of the error in permitting impeachment of the eyewitness was exacerbated by the fact that the prosecutor improperly suggested on summation that the jury could consider the impeachment material as direct evidence that the defendant was the shooter (*see People v Mattocks*, 100 AD3d 930, 931 [2012]; *People v Brazzeal*, 172 AD2d 757, 760 [1991]).

The Supreme Court also erred in permitting a detective to testify that the eyewitness had previously identified the defendant from the photo array (*see People v Perkins*, 15 NY3d 200, 205 [2010]; *People v Griffin*, 29 NY2d 91, 93 [1971]; *People v Caserta*, 19 NY2d 18, 21 [1966]; *People v Brewster*, 100 AD2d 134, 139 [1984], *affd* 63 NY2d 419 [1984]; *People v Andre*, 185 AD2d at 277).

The cumulative effect of these errors deprived the defendant of a fair trial (*see People v Mattocks*, 100 AD3d at 931; *People v Mitchell*, 57 AD3d 1308, 1311 [2008]; *People v Andre*, 185 AD2d at 278). Accordingly, the judgment must be reversed and a new trial ordered.

In light of our determination, we need not reach the defendant's remaining contentions. Eng, P.J., Dillon, Duffy and Barros, JJ., concur.