OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
Defendant Kelvin Spears was charged by indictment with one count of sexual abuse in the first degree, a class D felony, for sexual contact with a female child under the age of 11. Defendant pleaded guilty to a reduced charge of sexual abuse in the second degree, a misdemeanor, with a sentence of six years’ probation. Over two months later, defendant appeared at sentencing and requested an adjournment. Defendant’s counsel noted that she had spoken with defendant that morning and was requesting an adjournment to discuss with defendant his interest in withdrawing his plea. The People opposed an adjournment, arguing that defendant had been out of custody for two months and thus had more than enough time to bring a motion before the court prior to sentencing. The People further asserted that there was no indication that defendant did not freely know and understand the terms of his plea.
Supreme Court denied the request, informed defendant that the People moved for sentencing, and asked defendant whether there was a reason he should not be sentenced. Defendant *1059 replied that he wanted an adjournment to look at his legal options because it was a very big decision, and he was unable to contact his counsel to address certain issues. Supreme Court stated that based on those statements, defendant’s request was denied, and the court again asked defendant if he had anything further to say. Defendant requested new counsel. Defense counsel stated that defendant had attempted to meet with her the afternoon before, but counsel was unable to meet due to a previously scheduled appointment with a client. However, counsel stated that she did in fact speak with defendant that morning about his interest in withdrawing his plea. Defense counsel again requested an adjournment. Supreme Court again denied the request, stating that defendant had an opportunity to tell the court the basis for the request but no ground had been given other than that it was a big decision, which the court stated was not enough. Defendant was then sentenced in accordance with his plea. The Appellate Division affirmed, stating that Supreme Court “did not abuse its discretion in denying [defendant’s] request for an adjournment at sentencing” (People v Spears, 106 AD3d 1534, 1535 [4th Dept 2013]).
Whether to grant an adjournment is within Supreme Court’s discretion (see Matter of Anthony M., 63 NY2d 270, 283-284 [1984]; People v Singleton, 41 NY2d 402, 405 [1977]). Based upon the colloquy at sentencing, defendant had more than a fair amount of time to speak with counsel regarding his interest in withdrawing his plea. Although defendant was out of custody for two months, having been released on his own recognizance following his plea allocution, the record reflects that he only contacted defense counsel the day before sentencing in order to discuss his plea concerns. Despite defense counsel’s inability to meet with defendant that day, defense counsel stated during sentencing that she had spoken with defendant that morning.
Defendant argues that Supreme Court abused its discretion by denying his request for an adjournment, claiming there was no compelling reason to deny his request and that his fundamental right to assistance of counsel was at stake. Defendant, however, was able to exercise his right to counsel. It is clear from the colloquy defendant conferred with counsel prior to sentencing. Neither defendant nor his counsel was able to articulate to Supreme Court a ground upon which the plea could be withdrawn. If defendant could have articulated such a ground, it appears that the court would have been willing to grant an adjournment, as evidenced by the judge’s queries about defendant’s *1060 reason for his request. Although granting an adjournment here would not have resulted in prejudice to the People, absent any indication that defendant had grounds to support a plea withdrawal, Supreme Court’s refusal to grant the adjournment was not an abuse of discretion.*

 The dissent references supposed deficiencies in the plea colloquy; however, defendant has not made such arguments to this Court.