■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROGER THOMAS, Appellant. [39-NYS3d 214]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered November 7, 2013, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, as a matter of discretion in the interest of justice, and a new trial is ordered.

Viewing the evidence in the light most favorable to the prosecution, we find that the defendant's conviction was supported by legally sufficient evidence (*see People v Contes*, 60 NY2d 620, 621 [1983]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

Nevertheless, a new trial is warranted as a result of two evidentiary errors, both of which were compounded by improper remarks made during the People's summation. Specifically, the Supreme Court allowed the prosecutor to impeach one of her own witnesses, who testified at trial that it was dark at the time of the shooting and she "couldn't really see" the shooter. The prosecutor was permitted to read that witness's prior grand jury testimony, in which she stated that she recognized the shooter as a person going by the nickname of E-Villain. This was error (*see* CPL 60.35; *People v Fitzpatrick*, 40 NY2d

44, 50 [1976]; *People v Ayala*, 121 AD3d 1124, 1125 [2014]; *People v Andre*, 185 AD2d 276 [1992]). Moreover, during summation, the prosecutor compounded the error by improperly using the prior inconsistent statement as evidence in chief (*see* CPL 60.35 [2]), telling the jury that when that witness previously spoke to the police, to an assistant district attorney, and to the grand jury, "on each of those occasions, she said what it is she saw and who it is that she saw do it," and urging the jury to find "she was not telling you the truth when she said that I now am telling you I did not see who did it, that it was too dark." Later, the prosecutor went one step further, stating, in direct contradiction to the witness's trial testimony, that "[she] saw who it was."

The Supreme Court also erred in allowing another witness to testify that a "little girl said that [the defendant] shot [the victim]" (*see People v Walker*, 123 AD3d 1065 [2014]; *People v Latta*, 295 AD2d 449 [2002]; *People v Martinez*, 269 AD2d 608 [2000]). Moreover, on summation, the prosecutor not only repeated the improper hearsay testimony but also misrepresented the defendant as having told one of the witnesses, "You know what, that little girl that told you that was a hundred percent right."

As the evidence of the defendant's guilt was not overwhelming, these two evidentiary errors were not harmless and, when coupled with the prosecutor's improper remarks on summation, deprived the defendant of a fair trial. Although the defendant failed to preserve these claims for appellate review (*see* CPL 470.05 [2]), we nevertheless reach them in the exercise of our interest of justice jurisdiction (*see* CPL 470.15 [6] [a]; *People v Loiseau*, 140 AD3d 1190, 1191 [2016]).

In light of our determination, we need not reach the defendant's remaining contentions. Chambers, J.P., Hall, Austin and Sgroi, JJ., concur.