■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES McERLEAN, Appellant. [51 NYS3d 616]—Appeal by the defendant from a judgment of the County Court, Suffolk County (Efman, J.), rendered September 11, 2015, convicting him of burglary in the first degree (two counts), assault in the second degree, resisting arrest, and possession of burglar's tools, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the County Court erred in denying his pro se motions for substitution of new assigned counsel, made on the eve of trial and at sentencing, without making

sufficient inquiry to determine the validity of his motions. The defendant's valid waiver of his right to appeal precludes appellate review of his contention, except to the extent that his claim implicates the voluntariness of his plea (*see People v Rolfe*, 83 AD3d 1219, 1220 [2011]). To the extent that the defendant is arguing that the denial of his motions for substitution of counsel implicated the voluntariness of his plea, the record does not provide a basis to conclude that the defendant's motions were based on specific factual allegations of serious complaints about his counsel (*see People v Porto*, 16 NY3d 93, 99-100 [2010]; *People v Sides*, 75 NY2d 822, 824 [1990]; *People v Medina*, 44 NY2d 199, 207 [1978]). Consequently, the court was not obligated to inquire further, and the motions were properly denied (*see People v Ward*, 121 AD3d 1026, 1027 [2014]; *People v Brown*, 117 AD3d 962 [2014]; *People v Woods*, 110 AD3d 748 [2013]; *People v Stevenson*, 36 AD3d 634, 635 [2007]).

The defendant contends that the County Court improvidently exercised its discretion in denying his request for an adjournment to file a motion to withdraw his plea of guilty. The defendant's valid waiver of his right to appeal precludes appellate review of his contention, except to the extent that his motion to withdraw his plea related to the voluntariness of the plea (*see People v Elliott*, 62 AD3d 1098, 1098-1099 [2009]). The decision to grant an adjournment is committed to the sound discretion of the court (*see People v Spears*, 24 NY3d 1057, 1059 [2014]; *People v Singleton*, 41 NY2d 402, 405 [1977]). To the extent that the defendant's motion was based on a claim that his plea was involuntary, the court providently exercised its discretion in denying the request for an adjournment to submit a motion, since the defendant failed to articulate any ground upon which the plea could be withdrawn (*see People v Spears*, 24 NY3d at 1060; *People v Elliott*, 62 AD3d at 1099; *People v Grimes*, 53 AD3d 1055, 1056 [2008]; *People v Rodriguez*, 299 AD2d 564, 565 [2002]; *People v Degree*, 270 AD2d 847 [2000]). Mastro, J.P., Leventhal, Hall and Cohen, JJ., concur.