People v Torres (2019 NY Slip Op 08229)





People v Torres


2019 NY Slip Op 08229


Decided on November 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH J. MALTESE
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2018-06045
 (Ind. No. 17-07024)

[*1]The People of the State of New York, respondent,
v
Rafael Torres, appellant.


Philip H. Schnabel, Chester, NY, for appellant.
David M. Hoovler, District Attorney, Goshen, NY (Robert H. Middlemiss of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an amended judgment of the County Court, Orange County (Craig Stephen Brown, J.), rendered May 9, 2018, revoking a sentence of probation previously imposed by the Supreme Court, New York County (Bonnie Wittner, J.), upon a finding that he violated a condition thereof, after a hearing, and imposing a sentence of imprisonment upon his previous conviction of assault in the second degree.
ORDERED that the amended judgment is affirmed.
On October 20, 2016, the defendant pleaded guilty to assault in the second degree in exchange for a promised sentence of a period of probation. In December 2017, the defendant, who had moved to Orange County, was charged, inter alia, with violating a condition of his probation after he was arrested and charged with assault in the third degree and criminal mischief in the fourth degree. After a hearing, the County Court determined that the defendant violated a condition of his probation. Subsequently, the court revoked the sentence of probation and imposed a term of six years' imprisonment plus a period of three years' postrelease supervision on the previous conviction of assault in the second degree.
The defendant's contention that the County Court improvidently exercised its discretion in denying, without further inquiry, his repeated motions for new assigned counsel, made on the date of the scheduled violation hearing and prior to the imposition of the amended sentence, is without merit. "The right of an indigent criminal defendant to the services of a court-appointed lawyer does not encompass a right to appointment of successive lawyers at defendant's option" (People v Sides, 75 NY2d 822, 824; see People v Degracia, 173 AD3d 1199; People v King, 161 AD3d 772, 774). A trial court's duty to consider substitution arises "only where [the] defendant makes a seemingly serious request[ ]'" (People v Porto, 16 NY3d 93, 100, quoting People v Sides, 75 NY2d at 824). Here, the record does not provide a basis to conclude that the defendant's motions were based on specific factual allegations of a serious complaint about his counsel (see People v Stevens, 162 AD3d 1077, 1078; People v King, 161 AD3d at 774; People v McErlean, 149 AD3d 872, 873).
The amended sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
DILLON, J.P., MALTESE, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court