People v Crudup (2021 NY Slip Op 04719)





People v Crudup


2021 NY Slip Op 04719


Decided on August 18, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 18, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2015-02490
 (Ind. No. 2161/13)

[*1]The People of the State of New York, respondent,
v
Lenard Crudup, appellant.


Patricia Pazner, New York, NY (Martin B. Sawyer of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Nancy Fitzpatrick Talcott, and Sharon Y. Brodt of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kenneth C. Holder, J.), rendered February 27, 2015, convicting him of criminal possession of a weapon in the second degree (two counts), reckless endangerment in the first degree, and endangering the welfare of a child, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The evidence at trial established that, in August 2013, the victim, who was then 10 years old, and her older sister were walking on the grounds of their apartment complex when two men on bicycles appeared. One of the men, whom the victim's sister identified as the defendant, fired a gun, striking the victim in the leg. Following a jury trial, the defendant was convicted of two counts of criminal possession of a weapon in the second degree, reckless endangerment in the first degree, and endangering the welfare of a child. The defendant appeals.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find it was legally sufficient to establish the defendant's identity as the perpetrator beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
A prospective juror may be removed "for cause" where, inter alia, he or she "has a state of mind that is likely to preclude him [or her] from rendering an impartial verdict based upon the evidence adduced at the trial" (CPL 270.20[1][b]). The Supreme Court providently exercised its discretion in denying the defendant's for-cause challenge to a prospective juror, who was a retired police officer, as the juror unequivocally stated that he would be fair and impartial (see People v Ellis, 166 AD3d 993, 994; see also People v Colon, 71 NY2d 410, 418-419). The defendant contends, for the first time on appeal, that the same juror should have been removed for cause because the juror's son had applied to join the New York City Police Department. That contention [*2]is unpreserved for appellate review and, in any event, without merit (cf. People v Branch, 46 NY2d 645, 651).
Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in precluding from evidence a recording of an anonymous call to the 911 emergency number, which the defendant sought to admit under the present sense impression exception to the hearsay rule. "As generally stated, the present sense impression exception permits a court to admit hearsay testimony of a statement describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter" (People v Brown, 80 NY2d 729, 732; see People v Vasquez, 88 NY2d 561, 575). Such declarations are considered reliable "because the contemporaneity of the communication minimizes the opportunity for calculated misstatement as well as the risk of inaccuracy from faulty memory" (People v Vasquez, 88 NY2d at 574; see People v Brown, 80 NY2d at 732-733). Here, the record establishes that the anonymous caller "described the entire course of events to the operator using the past tense, indicating that he was recalling and describing events that he observed in the recent past, rather than as [they were] occurring," and the defendant "failed to demonstrate that the delay between the conclusion of the event and the beginning of the call was not sufficient to destroy the indicia of reliability upon which the present sense impression exception rests" (People v Parchment, 92 AD3d 699, 699). Accordingly, the recording was not admissible as a present sense impression (see People v Vasquez, 88 NY2d at 578-580).
We agree with the defendant that a police officer's testimony that he generated an investigation card for the defendant after speaking with the victim's sister constituted improper implicit bolstering of the identification of the defendant (see People v Trowbridge, 305 NY 471; People v Bacenet, 297 AD2d 817, 818; People v Hall, 82 AD2d 838, 839). However, under the circumstances of this case, the error was harmless. "Harmless error analysis proceeds in two stages" (People v Johnson, 57 NY2d 969, 970). First, "unless the proof of the defendant's guilt, without reference to the error, is overwhelming, there is no occasion for consideration of any doctrine of harmless error" (People v Crimmins, 36 NY2d 230, 241). Second, for a nonconstitutional error to be harmless the appellate court must conclude "that there is [no] significant probability . . . in the particular case that the jury would have acquitted the defendant had it not been for the error or errors which occurred" (id. at 242; see People v Johnson, 57 NY2d at 970). In analyzing the effect of a
bolstering error, the Court of Appeals has stated that "[t]he standard of harmlessness in a Trowbridge error case is whether 'the evidence of identity is so strong that there is no substantial issue on the point'" (People v Mobley, 56 NY2d 585, 585, quoting People v Malloy, 22 NY2d 559, 567). Here, the victim's sister had seen the defendant around the neighborhood approximately 12 times prior to the shooting, had the opportunity to observe him from a close distance on one of those prior occasions and on the date of the shooting, and knew him by his nickname. Under the circumstances of this case, the testimony of the victim's sister was "unusually credit-worthy" (People v Johnson, 57 NY2d at 970), such that it may be said that there was "no substantial issue on the point" (People v Malloy, 22 NY2d at 567; see People v Baez, 172 AD3d 893, 894; People v Holmes, 167 AD3d 1039, 1041). Further, there is no significant probability in this case that the jury would have acquitted the defendant had it not been for the improper bolstering.
The defendant contends that he was deprived of a fair trial by a witness's testimony that he was a member of a gang. However, the Supreme Court sustained the defendant's objection and struck that testimony. Since defense counsel did not seek further relief or move for a mistrial after the court sustained his objection, this contention is unpreserved for appellate review (see People v Bruce, 130 AD3d 938, 939). In any event, the improper testimony did not deprive the defendant of a fair trial (see People v Acevedo, 84 AD3d 1390, 1391).
The defendant's challenges to certain comments made by the prosecutor during summation are unpreserved for appellate review (see People v Banks, 74 AD3d 1214, 1215; People v Jones, 9 AD3d 374, 375). In any event, although some of the comments may have been improper, these isolated comments did not deprive the defendant of his right to a fair trial (see People v Martin, 161 AD3d 777, 778; People v Houston, 82 AD3d 1122, 1123).
The defendant contends that he was deprived of effective assistance of counsel [*3]because his attorney implied in his opening statement that he would be presenting an alibi defense and then never called any alibi witnesses or otherwise presented such evidence during the trial. The defendant's contention is based, in part, on matter appearing on the record and, in part, on matter outside the record and, thus, constitutes a "mixed claim of ineffective assistance" (People v Maxwell, 89 AD3d 1108, 1109; see People v Evans, 16 NY3d 571, 575 n 2). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety, and we decline to review the claim on this direct appeal (see People v Freeman, 93 AD3d 805, 806; People v Maxwell, 89 AD3d at 1109).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions are without merit.
DILLON, J.P., CONNOLLY, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court