People v Brannon (2021 NY Slip Op 06184)





People v Brannon


2021 NY Slip Op 06184


Decided on November 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SYLVIA O. HINDS-RADIX, J.P.
COLLEEN D. DUFFY
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2017-02467
 (Ind. No. 6559/15)

[*1]The People of the State of New York, respondent,
v
Keith Brannon, appellant.


Patricia Pazner, New York, NY (Joshua M. Levine of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Sholom J. Twersky of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Neil J. Firetog, J.), rendered February 6, 2017, convicting him of murder in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is reversed, on the law, and the matter is remitted to the Supreme Court, Kings County, for a new trial.
A trial court may "make an advance ruling as to the use by the prosecutor of prior convictions or proof of the prior commission of specific criminal, vicious or immoral acts for the purpose of impeaching a defendant's credibility" (People v Sandoval , 34 NY2d 371, 374). "[A] balance must here be struck between the probative worth of evidence of prior specific criminal, vicious or immoral acts on the issue of the defendant's credibility on the one hand, and on the other the risk of unfair prejudice to the defendant, measured both by the impact of such evidence if it is admitted after his testimony and by the effect its probable introduction may have in discouraging him [or her] from taking the stand on his [or her] own behalf" and thereby denying the jury significant material evidence (id. at 375). These considerations "simply do not apply to a witness who is not a defendant, and cross-examination of such a witness should therefore be permitted with respect to any immoral, vicious or criminal act committed by him [or her] which may reflect upon his [or her] character and show him [or her] to be unworthy of belief" (People v Batista , 113 AD2d 890, 891 [citations omitted]; see People v Ocasio , 47 NY2d 55, 58; People v Brown , 84 AD2d 819, 820).
Here, the Supreme Court failed to engage in the appropriate balancing between the probative worth of the convictions on the issue of the defendant's credibility against the possible prejudice to the defendant (see People v Williams , 56 NY2d 236, 239-240; People v Sandoval , 34 NY2d at 376; People v Mitchell , 209 AD2d 443, 444), and, instead, improperly conditioned its Sandoval ruling on whether defense counsel would impeach the People's witnesses with their criminal histories. The court stated that it was "only fair" that the People be able to cross-examine the defendant on his criminal history if the defendant could cross-examine the People's witnesses on their criminal histories, and then stated that such was part of "the balancing act." Further, the court suggested that it might change its ruling if the People's witnesses who did not have criminal histories did not testify. Whether the defendant impeaches the credibility of the People's witnesses [*2]during cross-examination based upon those witnesses' criminal histories, or whether the People's witnesses testify, are not relevant factors to consider in making a Sandoval ruling (see People v Sandoval , 34 NY2d at 375-377; People v Brown , 84 AD2d at 820).
The Supreme Court's error was not harmless (see People v Crimmins , 36 NY2d 230).
Contrary to the People's contention, the defendant preserved his Sandoval argument for appellate review, as he registered a protest to the Supreme Court's ruling on the same ground that he now raises on appeal (see CPL 470.05[2]). The defendant was not required to object to the ruling again when a prosecution witness with a criminal history subsequently testified (see id. ; People v Mezon , 80 NY2d 155, 161).
Accordingly, we reverse the judgment and remit the matter for a new trial.
In light of the foregoing, we need not reach the defendant's remaining contentions.
HINDS-RADIX, J.P., DUFFY, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court