People v Sams (2023 NY Slip Op 02684)

People v Sams

2023 NY Slip Op 02684

Decided on May 17, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 17, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
LINDA CHRISTOPHER
JANICE A. TAYLOR, JJ.

2013-03714
 (Ind. No. 1801/11)

[*1]The People of the State of New York, respondent,
v
Carlos Sams, appellant.

Patricia Pazner, New York, NY (Michael Arthus and Brian Perbix of counsel), for appellant, and appellant pro se.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Seth M. Lieberman, Rhea A. Grob, and Melissa Wachs of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Neil Jon Firetog, J.), rendered March 7, 2013, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is reversed, on the law, and the matter is remitted to the Supreme Court, Kings County, for a new trial.
The defendant's contention that the evidence was legally insufficient to support his convictions is unpreserved for appellate review (see CPL 470.05[2]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (see People v Danielson, 9 NY3d 342, 349). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
However, the Supreme Court erred in permitting the prosecutor to impeach one of her own witnesses with a prior statement in violation of CPL 60.35. CPL 60.35(1) states, inter alia, that when a witness called by a party "gives testimony upon a material issue of the case which tends to disprove the position of such party, such party may introduce evidence that such witness has previously made . . . an oral statement under oath contradictory to such testimony" (see People v Berry, 27 NY3d 10, 17). "[E]vidence that the witness made such prior statement is not admissible, and such party may not use such prior statement for the purpose of refreshing the recollection of the witness in a manner that discloses its contents to the trier of the facts," if the testimony of the witness "does not tend to disprove the position of the party who called him [or her] and elicited such testimony" (CPL 60.35[3]; see People v Berry, 27 NY3d at 17). "Thus, before a party may impeach its own witness, the testimony on a 'material fact' must 'tend[ ] to disprove the party's position or affirmatively damage[ ] the party's case'" (People v Berry, 27 NY3d at 17, quoting People v Saez, 69 NY2d 802, 804; see CPL 60.35). "Trial testimony that the witness has no knowledge of or cannot recall a particular event, whether truthful or not, does not affirmatively damage the People's case" [*2](People v Ayala, 121 AD3d 1124, 1125 [internal quotation marks omitted]; see People v Fitzpatrick, 40 NY2d 44, 52).
Here, the witness's testimony, in effect, that he did not see the perpetrator's face and did not see the defendant fire a gun, merely failed to corroborate or bolster the prosecutor's case, but it did not contradict or disprove any testimony or other factual evidence presented by the prosecution (see People v Fitzpatrick, 40 NY2d at 52; People v Thomas, 143 AD3d 923, 923; People v Ayala, 121 AD3d at 1125). Accordingly, the prosecutor's use of the witness's prior statement for impeachment purposes was impermissible (see CPL 60.35; People v Fitzpatrick, 40 NY2d at 53; People v Thomas, 143 AD3d at 923; People v Ayala, 121 AD3d at 1125).
Contrary to the People's contention, the issue is preserved for appellate review (see CPL 470.05[2]). Moreover, the error cannot be deemed harmless since the evidence of the defendant's guilt, without reference to the error, was not overwhelming, and it cannot be said that there is no significant probability that the jury would have acquitted the defendant had it not been for the error (see People v Crimmins, 36 NY2d 230, 241-242). Accordingly, the judgment must be reversed and a new trial ordered.
Since there must be a new trial, we note that, although the issue is unpreserved for appellate review (see CPL 470.05[2]), the defendant correctly contends that "the Supreme Court failed to engage in the appropriate balancing between the probative worth of the convictions on the issue of the defendant's credibility against the possible prejudice to the defendant, and, instead, improperly conditioned its Sandoval ruling on whether defense counsel would impeach the People's witnesses with their criminal histories" (People v Brannon, 199 AD3d 826, 826-827 [citations omitted]; see People v Sandoval, 34 NY2d 371, 376; People v Brown, 84 AD2d 819, 820).
The defendant's remaining contentions need not be reached in light of our determination.
RIVERA, J.P., MILLER, CHRISTOPHER and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court