People v Cooper (2025 NY Slip Op 03816)

People v Cooper

2025 NY Slip Op 03816

Decided on June 25, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2018-02189
 (Ind. No. 9185/15)

[*1]The People of the State of New York, respondent,
v
Allen Cooper, appellant.

Patricia Pazner, New York, NY (Hannah Kon of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Sholom J. Twersky, and Jason Eldridge of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Neil Firetog, J.), rendered December 4, 2017, convicting him of murder in the second degree (three counts) and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The charges against the defendant arose from a shooting in Brooklyn that occurred in the early morning of September 20, 2015. Three victims died from gunshot wounds. At the defendant's jury trial, an alleged eyewitness to the shooting testified that he had known each of the victims as well as the defendant for a number of years and identified the defendant as the shooter. Another alleged witness testified that he had also known the victims and the defendant for a number of years, heard multiple gun shots, began to run to safety, and observed the defendant holding a gun. The defendant was convicted of three counts of murder in the second degree and one count of criminal possession of a weapon in the second degree.
The defendant's contention that there was legally insufficient evidence to establish his identity as the shooter is only partially preserved for appellate review (see CPL 470.05[2]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 494). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
"[T]he People maintain broad discretion in presenting their case to the Grand Jury and need not seek evidence favorable to the defendant or present all of their evidence tending to exculpate the accused" (People v Mitchell, 82 NY2d 509, 515). However, the People are obligated to present exculpatory evidence of which they are aware that might "materially influence[ ]" the [*2]grand jury proceeding (People v Williams, 298 AD2d 535, 535; see People v Wilcox, 194 AD3d 1352, 1356-1357; People v Golon, 174 AD2d 630, 632). Generally, evidence related to the credibility of a witness is considered a "collateral issue" that would not materially influence the grand jury proceeding (People v Wilcox, 194 AD3d at 1356; see People v Williams, 298 AD2d at 535).
A court may dismiss "an indictment that fails to conform to the requirements of CPL article 190 to such degree that the integrity thereof is impaired and prejudice to the defendant may result" (People v Thompson, 22 NY3d 687, 699 [alteration and internal quotation marks omitted]; see CPL 210.35[5]). This "exceptional remedy of dismissal is available in rare cases of prosecutorial misconduct upon a showing that, in the absence of the complained-of misconduct, the grand jury might have decided not to indict the defendant" (People v Thompson, 22 NY3d at 699 [internal quotation marks omitted]).
Here, the People did not have an obligation to present evidence that one of their grand jury witnesses later recanted his testimony. Notably, the recantation occurred months after the witness testified, and after the grand jury had voted to indict the defendant and the indictment had been filed. Under the circumstances of this case, the witness's recantation only created an issue of credibility, which the People were not obligated to present to the grand jury (see People v Wilcox, 194 AD3d at 1356-1357; People v Williams, 298 AD2d at 535).
Accordingly, the Supreme Court properly denied that branch of the defendant's pretrial motion which was to dismiss the indictment pursuant to Brady v Maryland (373 US 83) and, in effect, CPL 210.35(5). Relatedly, although the People's delay in disclosing the witness's recantation was undeniably improper, it does not warrant reversal of the defendant's convictions under the circumstances (see People v Belgrave, 51 AD3d 939).
Furthermore, the Supreme Court did not err in denying that branch of the defendant's pretrial motion which was to remove the assigned assistant district attorney from the case (see generally People v Paperno, 54 NY2d 294, 302-304).
The defendant is correct that, in ruling on the People's Sandoval application (see People v Sandoval, 34 NY2d 371), the Supreme Court improperly weighed whether the defendant also intended to impeach the credibility of the People's witnesses based upon those witnesses' criminal histories. As we have stated before, "[w]hether the defendant impeaches the credibility of the People's witnesses during cross-examination based upon those witnesses' criminal histories, or whether the People's witnesses testify, are not relevant factors to consider in making a Sandoval ruling" (People v Brannon, 199 AD3d 826, 827; see People v Sams, 216 AD3d 1003, 1005). However, in this case the error was harmless, as the evidence of the defendant's guilt was overwhelming, and there was no significant probability that the jury would have acquitted the defendant had the error not occurred (see People v Grant, 7 NY3d 421, 425).
"Whether to grant an adjournment is within Supreme Court's discretion" (People v Spears, 24 NY3d 1057, 1059; see People v Rodriguez, 188 AD2d 494, 495). Here, the Supreme Court providently exercised its discretion in denying defense counsel's request for an adjournment prior to the commencement of trial (see People v Brown, 177 AD2d 585, 585).
"The right of an accused to confront the witnesses against him or her through cross-examination is a fundamental right of constitutional dimension" (People v King, 192 AD3d 1140, 1141). Nonetheless, "[t]he trial court has broad discretion to limit the scope of cross-examination when the questions are irrelevant or only marginally relevant, concern collateral issues, or pose a danger of misleading the jury" (People v Anderson, 235 AD3d 993, 994 [internal quotation marks omitted]).
To the extent that the defendant contends that the Supreme Court improperly curtailed his use of an audio recording of a statement made by one of the People's witnesses for impeachment purposes, that contention relates to matter dehors the record and, therefore, cannot be reviewed on [*3]direct appeal (see People v White, 237 AD3d 861). The court otherwise providently exercised its discretion in managing the scope of defense counsel's cross-examination of the People's witnesses.
To the extent that the People improperly bolstered one of their witnesses by referring to that witness's prior consistent grand jury testimony, the error was harmless (see People v Crudup, 197 AD3d 656, 658-659).
The Supreme Court did not err in admitting evidence of various out-of-court statements allegedly made by the defendant as declarations against penal interest (see generally People v Shabazz, 22 NY3d 896, 898). The statements in question were not too vague to qualify as declarations against penal interest (see People v Williams, 171 AD3d 1223, 1224).
Furthermore, the Supreme Court did not err in refusing to give a one-witness identification charge to the jury, because two witnesses identified the defendant as the perpetrator at trial, and the court gave an appropriate expanded identification charge (see People v Blas, 70 AD3d 846, 847). However, even assuming, arguendo, that a one-witness identification charge was appropriate, any error in failing to administer the charge was harmless (see People v Bradley, 160 AD3d 760, 762).
"The power to grant a new trial on the ground of newly discovered evidence is of statutory origin and strict compliance with the statute is necessary" (People v Windsor, 165 AD3d 709, 710 [internal quotation marks omitted]; see CPL 330.30[3]; 330.40).
Here, the Supreme Court properly denied the defendant's motion to set aside the verdict pursuant to CPL 330.30(3) without conducting a hearing. Even assuming, arguendo, that the newly discovered evidence proffered by the defendant was true, the evidence "merely impeached and contradicted former evidence, and thus did not warrant the granting of a new trial" (People v Murphy, 218 AD3d 795, 798; see People v Saunders, 244 AD2d 580, 580). Moreover, the court did not err in failing to hold a hearing on the defendant's motion (see People v Windsor, 165 AD3d at 710; People v Saunders, 244 AD2d at 580).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions are without merit.
IANNACCI, J.P., CHAMBERS, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court